# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT DILLON, | CASE NO. 1:11-CV-00091-DLB PC |
| Plaintiff, | ORDER REGARDING DISMISSAL OF CERTAIN CLAIMS IN FIRST AMENDED COMPLAINT |
| v. | |
| CAMARILLO, et al., | |
| Defendants. | |

## I. Background

Plaintiff Brett Dillon ("Plaintiff") was a prisoner, formerly in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on December 30, 2010 in the Central District of California. The action was transferred to this Court on January 19, 2011.

On July 27, 2011, the Court issued a screening order requiring Plaintiff to either file a First Amended Complaint *or* inform the Court of his willingness to proceed only on the cognizable claim. The Court found that Plaintiff stated a cognizable retaliation claim against Defendant Jimenez.

Plaintiff opted to file a First Amended Complaint on August 29, 2011.

## II. Legal Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

### III.    Summary Of First Amended Complaint

Plaintiff was previously incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events giving rise to this action occurred. Plaintiff names Correctional Officer Camarillo and Sergeant Jimenez as Defendants.

Plaintiff alleges that on July 11, 2010, Defendant Camarillo refused to accept his outgoing legal mail. He alleges that Defendant Camarillo refused to accept his outgoing legal mail "on many separate occasions," but Defendant never gave any reason for his refusal.

Plaintiff filed a 602 inmate grievance against Defendant Camarillo. On July 12, 2010, Plaintiff alleges that Defendant Jimenez deterred Plaintiff from continuing the grievance by informing Plaintiff that if he continued, it would result in harm or death by inmates or officers. Defendant Jimenez placed a prison shank and narcotics in front of the Plaintiff and presented Plaintiff with a 115 Serious Rules Violation Report for possession of these items.

Plaintiff seeks monetary and injunctive relief.

IV. **Analysis**

    A. **Outgoing Mail**

Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." *Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *abrogated in part on other grounds*, *Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989).

Here, Plaintiff repeats the allegation that on July 11, 2010, Defendant Camarillo refused to accept his outgoing legal mail, and that he had done so on many separate occasions. In his original complaint, he alleged no further details and the Court explained that he failed to allege sufficient facts to demonstrate how Defendant Camarillo denied him the opportunity to send his outgoing mail in violation of the First Amendment. In his First Amended Complaint, he alleges that Defendant Camarillo never offered a reason for refusing to accept his outgoing legal mail.

Plaintiff's assertion that Defendant Camarillo did not tell him why he was refusing his mail does not cure the factual deficiency. The lack of factual information fails to satisfy the requirements of Rule 8, as explained above, and does not allege that a constitutional violation occurred. Instead, Plaintiff has set forth a conclusory allegation without supporting facts. *Hayden v. Grayson*, 134 F.3d 449, 457 (1st Cir. 1998) ("[N]ot every form of misconduct is a constitutional violation . . . .").

As Plaintiff has been granted one opportunity to amend but has failed to successfully do so, the Court recommends that this claim be dismissed without leave to amend.

    B. **Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v.*

*Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

By federal pleading standards, Plaintiff states a cognizable retaliation claim against Defendant Jimenez.

## ORDER

Plaintiff's First Amended Complaint appears to state a cause of action for retaliation against Defendant Jimenez.  However, Plaintiff's First Amended Complaint fails to state a claim for violation of the First Amendment against Defendant Camarillo.

Accordingly, it is HEREBY ORDERED that:

1. This action proceed against Defendant Jimenez on the retaliation claim; and
2. Plaintiff's claim for violation of the First Amendment against Defendant Camarillo be DISMISSED from this action for failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 12, 2011**              **/s/ Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE