# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRET DILLON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PETER JIMENEZ,<br><br>　　　　Defendant. | Case No. 1:11-cv-00091-AWI-DLB PC<br><br>**ORDER STAYING DEFENDANT'S MOTION TO DISMISS** (ECF No. 23)<br><br>**ORDER GRANTING LIMITED DISCOVERY**<br><br>Discovery Cutoff Date: June 21, 2013 |

　　　　Plaintiff Bret Dillon ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's First Amended Complaint, filed August 29, 2011, against Defendant Peter Jimenez for retaliation in violation of the First Amendment. Pending before the Court is Defendant's Motion to Dismiss, filed June 29, 2012, pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, for Plaintiff's failure to exhaust administrative remedies.

　　　　Defendant contends that Plaintiff failed to exhaust administrative remedies by failing to file any inmate appeal regarding the matters alleged. Plaintiff does not deny that he failed to file an inmate appeal. However, Plaintiff contends that administrative remedies were not available to him. Plaintiff contends that Defendant Jimenez, in responding at the informal level of review to Plaintiff's inmate grievance against officer Camarillo, threatened Plaintiff with death and a rules violation report for possession of narcotics and a prison shank if he pursued that inmate appeal or filed other inmate appeals.

　　　　The pending motion cannot be resolved without the presentation of further evidence. The Court will thus stay the adjudication of Defendant's motion pending an evidentiary hearing. *See* Fed. R. Civ. P. 72(b)(1) (authorizing magistrate judge to conduct hearing on pretrial matter

1

dispositive of claim).  Prior to the hearing, the Court will also open limited, written discovery solely to address the issue of whether Plaintiff was able to exhaust all available administrative remedies in this action, and was denied the ability by prison officials.

Accordingly, it is HEREBY ORDERED that:

1. Defendant's Motion to Dismiss, filed June 29, 2012, is stayed;
2. Limited written discovery is open in this matter to address the issue of whether Plaintiff was able to exhaust all available administrative remedies in this action;
3. The parties are granted up to and including **June 21, 2013**, by which to complete discovery, including the filing of motions to compel;
4. Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135, and shall only be filed when required by Local Rules 250.2, 250.3, and 250.4;
5. Responses to written discovery requests shall be due thirty (30) days after the request is first served;
6. To ensure that the responding party has thirty (30) days after the request is served to respond, discovery requests shall be served at least thirty (30) days before the discovery deadline; and
7. An evidentiary hearing will be set after the completion of discovery.

IT IS SO ORDERED.

Dated:   **March 25, 2013**                           /s/ Dennis L. Beck
                                                    UNITED STATES MAGISTRATE JUDGE