# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRET DILLON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JIMENEZ,<br><br>　　　　Defendant. | Case No. 1:11-cv-00091 AWI DLB PC<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS IN PART<br><br>(Document 39) |

Plaintiff Bret Dillon ("Plaintiff") is a former California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Defendant's June 29, 2012, Motion to Dismiss has been stayed pending limited discovery regarding exhaustion. Discovery was to have been completed by July 21, 2013.

On July 19, 2013, Defendant filed a Motion for Monetary and Evidentiary Sanctions based on Plaintiff's failure to appear for his deposition. Plaintiff filed a response on July 25, 2013. The matter is deemed submitted pursuant to Local Rule 230(l).

## **DISCUSSION**

Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure,

> [i]f a party . . . fails . . . to appear before the officer who is to take the deposition, after being served with proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just . . . . In lieu of any order or in addition thereto, the court shall require the party failing to act . . . to pay the reasonable expenses,

1

including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Here, Defendant moves for evidentiary sanctions and monetary sanctions in the total amount of $1,160.20 based on Plaintiff's failure to attend his properly noticed deposition. Counsel states that Plaintiff was properly served with notice of a limited deposition with production of documents on May 14, 2013. The deposition was set to take place on July 17, 2013, in Sacramento, California. Igra Decl. ¶ 3. On June 17, 2013, Counsel spoke with Plaintiff, "who expressed concern about traveling a great distance to provide testimony, because he now lives in Norco…" Counsel states that the July 17, 2013, date "remained satisfactory." Igra Decl. ¶ 4.

On the date of the deposition, Plaintiff did not appear. Counsel attempted to contact Plaintiff at a phone number on a motion filed with the Court, though she was unable to reach Plaintiff. Soon after the initial call, Counsel received a call back from a female caller who would not identify herself. When Counsel identified herself, the caller told her she had the wrong phone number. Igra Decl. ¶¶ 8-11. Prior to the deposition, Plaintiff had not contacted Counsel to indicate that he would not appear. As a result, Counsel incurred attorney's fees in the amount of $1,020.00 and costs in the amount of $141.20 related to the court reporter's services. Igra Decl. ¶¶ 18-19.

Defendant also requests that Plaintiff be prevented from submitting evidence in opposition to the pending Motion to Dismiss.

In his response, Plaintiff states that during the June 17, 2013, conversation, he informed Counsel of his financial limitations and that it would be "impossible for [him] to travel to the pace requested for the deposition." ECF No. 42. Plaintiff states that his requests for a video deposition, and/or for an alternate location close to his residence, were rejected.

Defendant has met his burden of demonstrating that Plaintiff failed to appear for a properly noticed deposition. However, given Plaintiff's pro se status and his concern of the financial impacts of traveling from Norco to Sacramento, which was relayed to Counsel prior to the deposition, the Court will not impose evidentiary sanctions or require Plaintiff to pay attorney's fees to the Office of

the Attorney General.  The Court *will* impose sanctions to cover the costs of the court reporter, $141.20.

Accordingly, Defendant's motion is GRANTED IN PART and the Court awards sanctions in the amount of $141.20 against Plaintiff.  Plaintiff must submit payment to Defendant no later than September 20, 2013.  If Plaintiff contends that he cannot pay such sanctions, he must file a financial declaration under penalty of perjury with the Court by this date.

As the evidentiary issue still exists, Defendant SHALL re-notice Plaintiff's deposition for a mutually convenient time.  The deposition SHALL take place in Fresno, California, where this action is venued.  Defendant must notice and take Plaintiff's deposition no later than September 20, 2013.

The Motion to Dismiss remains stayed and an evidentiary hearing will be set at the completion of discovery, if necessary.

<u>If Plaintiff again fails to attend his properly noticed deposition, the Court will strike his Declaration in Opposition to the Motion to Dismiss and decide the Motion to Dismiss without it.</u>

IT IS SO ORDERED.

Dated:   **August 12, 2013**                    /s/ *Dennis L. Beck*
                                                                UNITED STATES MAGISTRATE JUDGE