# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRET DILLON, | Case No. 1:11-cv-00091-AWI-DLB PC |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS IN PART |
| v. | |
| JIMENEZ, | ORDER LIFTING STAY ON DEFENDANT'S MOTION TO DISMISS |
| Defendant. | (ECF No. 46) |

Plaintiff Bret Dillon ("Plaintiff") is a former California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Defendant's June 29, 2012, Motion to Dismiss was stayed, pending limited discovery regarding exhaustion. Discovery was to have been completed by July 21, 2013.

On July 19, 2013, Defendant filed a Motion for Monetary and Evidentiary Sanctions based on Plaintiff's failure to appear for his deposition. (ECF No. 39.) Plaintiff filed a response on July 25, 2013. (ECF No. 42.) On August 13, 2013, the Court issued an order granting Defendant's motion in part and ordered and ordered sanctions to cover costs. (ECF No. 43.) In that order, the Court forewarned Plaintiff that if he again failed to attend his properly noticed deposition, the Court would strike his Declaration in Opposition to the Motion to Dismiss and decide Defendant's Motion to Dismiss without it. *Id.* at 3.

On September 20, 2013, Defendant filed a second Motion for Sanctions based on Plaintiff's

1

failure to appear for his deposition.[1]  (ECF No. 46.)  Plaintiff filed a response on September 26, 2013.  (ECF No. 47.)  On October 3, 2013, Defendant filed a reply and on October 9, 2013, Plaintiff filed a surreply.[2]  The matter is deemed submitted pursuant to Local Rule 230(*l*).

**DISCUSSION**

Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure,

> [i]f a party . . . fails . . . to appear before the officer who is to take the deposition, after being served with proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just . . . .  In lieu of any order or in addition thereto, the court shall require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Here, Defendant moves for terminating sanctions and monetary sanctions in the total amount of $2,413.12 based on Plaintiff's failure to attend his properly noticed deposition for a second time. Counsel states that Plaintiff was properly served with notice of a limited deposition with production of documents on August 21, 2013.  Def's Ex. A at 2.  The deposition was set to take place on September 11, 2013, in Fresno, California.  Igra Decl. ¶ 3.  On August 23, 2013, Counsel spoke with Plaintiff, who "demanded that [she] conduct his deposition in either Norco or Los Angeles." Igra Decl. ¶ 4.  Counsel advised Plaintiff that the Court's order explicitly instructed that the deposition take place in Fresno.  Igra Decl. ¶ 4.  Plaintiff said he would take the issue up with the Court.  Igra Decl. ¶ 4.  On August 30, 2013, Plaintiff filed a motion requesting to move the deposition to Southern California.  (ECF No. 44.)  On September 5, 2013, the Court denied Plaintiff's request to move the deposition based on the fact that the Court had already moved the location to accommodate Plaintiff.  (ECF No. 45.)  At no time between the Court's order and Plaintiff's second scheduled deposition did Counsel receive any contact from Plaintiff that he would not appear for the deposition.  Igra Decl. ¶ 6.

---

[1] On the date Defendant's motion was filed, Plaintiff had not yet paid the $141.20 sanction from the Court's previous sanctioned order. Igra Decl. ¶ 21.

[2] The Local Rules provide for a motion, an opposition, and a reply.  Neither the Local Rules nor the Federal Rules provide the right to file a surreply, and the Court neither requested one nor granted a request on the behalf of Plaintiff to file one.  Accordingly, the Court disregards Plaintiff's surreply.

2

On the date of the deposition, Plaintiff did not appear. Counsel contacted Plaintiff at a phone number filed with the Court, and Plaintiff responded that he was not coming to the deposition. Plaintiff indicated his awareness of the Court's order and offered no explanation for why he had not informed counsel earlier that he would not be appearing. Igra Decl. ¶¶ 8-11. As a result, counsel incurred attorney's fees in the amount of $2,040.00 and costs in the amount of $374.12 related to the court reporter's services and travel. Igra Decl. ¶¶ 18-19. Defendant also requests terminating sanctions for Plaintiff's failure to appear for his scheduled deposition for a second time.

In his response, Plaintiff states that he notified the Court and Defendant that he was financially unable to travel to Fresno for the scheduled deposition. Plaintiff acknowledges that Fresno is a closer location than the originally scheduled deposition in Sacramento, however, the location change did not change his financial ability to travel for a deposition. Plaintiff states that he should not be sanctioned because he relayed his intentions to the Court and Defendant prior to the deposition deadline.

Defendant has met his burden of demonstrating that Plaintiff failed to appear for a properly noticed deposition. However, given Plaintiff's pro se status and his concern of the financial impacts of traveling from Norco to Fresno, which was relayed to the Court prior to the deposition, the Court will not impose terminating sanctions or require Plaintiff to pay attorney's fees or costs to the Office of the Attorney General. Instead, the Court *will* impose sanctions to strike Plaintiff's declaration and opposition to Defendant's Motion to Dismiss, as the Court forewarned Plaintiff would result if he failed to appear a second time for his scheduled deposition.

Accordingly, Defendant's motion is GRANTED IN PART, and the Court awards sanctions against Plaintiff by striking his opposition to Defendant's Motion to Dismiss. As such, the Court lifts the stay on Defendant's Motion to Dismiss, filed June 29, 2012, and will decide the motion in a forthcoming order, without Plaintiff's declaration and opposition.

IT IS SO ORDERED.

Dated: __October 31, 2013__         /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE

3