# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRET DILLON, | Case No. 1:11-cv-00091-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED |
| v. | |
| CARMARILLO, et al., | (ECF No. 23) |
| Defendants. | THIRTY-DAY OBJECTION DEADLINE |

## I. **Procedural History**

Plaintiff Brett Dillon, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 30, 2010. This action is proceeding on Plaintiff's First Amended Complaint, filed on August 29, 2011, against Defendant Jimenez for retaliation, in violation of the First Amendment of the United States Constitution. 28 U.S.C. § 1915A.

On June 29, 2012, Defendant filed a motion to dismiss the claim against him for failure to exhaust the available administrative remedies, 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). (ECF No. 23.) Plaintiff filed an opposition on October 5, 2012, and Defendant filed a reply on October 12, 2012.[1] (ECF Nos. 27 & 29.) On March 26, 2013, the Court issued an order staying Defendant's Motion to Dismiss to allow limited discovery. (ECF No. 35.) On November 1, 2013,

---

[1] Plaintiff was provided with contemporaneous notice of the requirements for opposing an unenumerated Rule 12(b) motion. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 15-4.)

the Court issued a sanctioning order lifting the stay and striking Plaintiff's opposition to defendant's motion to dismiss. (ECF No. 51.)  Defendant's motion to dismiss has been submitted upon the record without oral argument pursuant to Local Rule 230(*l*).

## II. Motion to Dismiss for Failure to Exhaust

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact. *Stratton*, 697 F.3d at 1008; *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010); *Wyatt*, 315 F.3d at 1119-20.  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. *Jones*, 549 U.S. at 223-24; *Lira v. Herrrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

### B. Discussion

Defendant Jimenez brings this motion to dismiss Plaintiff's retaliation claim on the grounds that Plaintiff did not exhaust his administrative remedies.  Without an opposition to the motion to dismiss in the record, the Court must base its findings on the evidence provided in Defendant's motion to dismiss.  While in the custody of CDCR, Plaintiff has not filed any inmate

appeals that have been reviewed at the first or second level of review while housed at CCI. (Alomari Decl. ¶ 9.)  Plaintiff has also not filed any appeals that have been reviewed at the Director's Level. (Kaestner Decl. ¶ 7.)  Although Plaintiff contends that the appeal he filed concerning Defendant's misconduct during an informal review was "screened at the informal level." (ECF No. 12, Am. Compl. at 2.), it is undisputed that Plaintiff did not receive a Third Level decision that served to exhaust his administrative remedies, and that he did not file an appeal that was accepted for review at any formal level. (Kaestner Decl. ¶ 7.)  As such, the Court finds that Plaintiff failed to exhaust his administrative remedies.

### III.  Conclusion and Recommendation

Based on the foregoing, the finds that Plaintiff failed to exhaust his retaliation claim against Defendant Jimenez and HEREBY RECOMMENDS that Defendant's motion to dismiss for failure to exhaust, filed on June 29, 2012, be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 13, 2013**           /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE